THE NATIONAL CASH REGISTER CO. *vs.* SIMON BRAINSON.

APRIL 9, 1915.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   New Trial.   Questions of Fact.*

Where upon conflicting testimony the verdict has been approved by the trial court, the questions of fact must be regarded as settled, and an exception to a denial of a motion for new trial based on the ground that the verdict was against the law and the evidence will be overruled.

*(2)   Contracts.   Parol Agreement.   Principal and Agent.*

A principal is not bound by a parol agreement made with his agent, by a party who has entered into a written agreement with the principal through such agent, where the parol modification never came to the knowledge of the principal.

*(3)   Contracts.   Parol Agreements.   Principal and Agent.*

Where a contract made through an agent has been accepted by the principal, no modification can be made between the other contracting party and the agent without the approval of the principal.

ASSUMPSIT.   Heard on exceptions of defendant and overruled.

VINCENT, J.   This is an action of the case in assumpsit brought to recover the sum of $210 alleged to be due to the plaintiff by reason of a written contract whereby the plaintiff

undertook to manufacture and deliver to the defendant, and the defendant agreed to receive and pay for, a cash register.

The case was tried in the Superior Court, the jury rendered a verdict for the amount of the plaintiff's claim, and the trial judge denied the defendant's motion for a new trial. The defendant has now filed and brought to this court his bill of exceptions alleging certain errors on the part of the trial court. The first exception is to the denial of the defendant's motion for a new trial; the second and third to the admission of testimony offered by the plaintiff; the fourth to a portion of the charge, and the fifth to the refusal of the court to charge as requested.

On July 15, 1912, at the solicitation of the plaintiff's agent, the defendant entered into a written contract with the plaintiff for the purchase of a cash register numbered 445 for the sum of $225, payments to be made as follows: $15 with the order, ten monthly payments of $15 each, one payment of $10, and $50 by the return or delivery to the plaintiff of the old cash register then in use by the defendant.

At the time of executing the contract, the defendant signed a note to the order of the plaintiff in the sum of $160, payable in installments, which note appears to have been designed to cover the ten payments of $15 each and the one payment of $10 specified in the contract, before mentioned. The contract provided for the shipment of the register "as soon as possible." There is testimony on the part of plaintiff's agents that the ordinary time required for delivery was sixty days after the order was given and that sometimes ten weeks and even three months would be required. The register was shipped to the defendant from New York on October 28, 1912. The exact date of its arrival in Providence does not appear but it may be assumed that it reached the defendant shortly after the date of its shipment from New York. Upon its arrival the defendant refused to accept it and later at the trial in the court below

set up the defence that the shipment had not been made "as soon as possible" in accordance with the contract and that the contract had been canceled.

From an examination of the briefs, we find that the parties, both plaintiff and defendant, propound the same questions for consideration: (1) Did the defendant cancel the contract? and (2) Was the register delivered "as soon as possible?"

The written order, which embraced the contract, was signed by the defendant on July 15, 1912, was accepted by the plaintiff's agent in Providence and by him forwarded to the plaintiff at Dayton, Ohio.

The plaintiff having offered testimony to the effect that the usual time required for delivery was sixty days and that sometimes ten weeks or three months would be necessary, and it appearing by the bill of lading that the register was not shipped from New York until October 28, 1912, it became incumbent upon the plaintiff to offer some satisfactory reason for the delay in delivery, in order to establish its compliance with the contract which required that the register should be delivered "as soon as possible." To meet this situation the plaintiff introduced testimony showing that three or four days after the order was signed the defendant requested that it be held up until he could decide as to some desired changes; that the defendant did not call again until about the middle of September when he notified the agent that he desired changes in the device, substituting the letters embraced in the phrase "Help my God" for the numerals called for by the original order; and that this request of the defendant was forwarded to the plaintiff by its Providence agent on September 16, 1912.

There is some conflict of testimony as to whether the agent notified the plaintiff to hold up the order when the defendant so requested, but this becomes unimportant if, as the plaintiff claims, the order was already in abeyance awaiting instruction from the defendant as to the width of check he desired to use.

The defendant claims that he was informed by the plaintiff's agent about a week subsequent to the giving of the order that the plaintiff did not have the register in stock and that it would take a longer time to make one than the eight or ten days which the agent had originally mentioned as the time required to furnish it, and that upon receiving this information he notified the agent that the contract was canceled and demanded the return of his deposit of $15, which the agent expressed his willingness to do. The defendant denied that he made any request in September for changes adapting the machine to letters instead of figures, but that he did indicate his desire for a change of that character on the day when the order was given, and he says further that when the register arrived in the latter part of October he refused to receive it on the ground that the order had been canceled. The agent of the plaintiff denies that the defendant made any attempt to cancel the order or said anything about doing so.

(1) Without going further into the consideration of the various matters of dispute between the parties, it is sufficient to say that there is a conflict of testimony upon substantially all of the material points in the case. Upon this conflicting testimony the jury has rendered a verdict for the plaintiff which the trial judge has refused to set aside. We think that under these conditions we must regard all the questions of fact as settled, and that defendant's first exception to the denial of his motion for a new trial, based on the ground that the verdict was against the law and the evidence, must be overruled.

The defendant's exceptions, numbered two and three, to the admission of testimony offered by the plaintiff are without merit.

By his fourth exception the defendant claims that the court erred in charging the jury to the effect that a principal is not bound by a parol agreement, made with his agent, by a party who has entered into a written agreement with principal through such agent, where the parol modification

never came to the knowledge of the principal. This instruction was justified under the decision of this court in the case of *Putnam's Sons* v. *MacLeod*, 23 R. I. 373. We think it was a correct statement of the law and applicable to the case at bar. The contract which the defendant had signed expressly stated that all agreements between the parties to the transaction were contained therein and that the plaintiff should not be bound by the representation or promise of any agent unless embodied therein.

The defendant's fifth exception is to the refusal of the court to charge the jury that "if there is no acceptance by the plaintiff and the plaintiff sends its agent to suggest a modification of the contract, then the defendant may cancel the order and a note to the agent is notice to the principal." We think the request was properly refused. The contract was executed by the defendant and by him delivered to the plaintiff's agent and, so far as appears, was accepted by the plaintiff. That being so no effective change or modification thereof could be made between the defendant and the plaintiff's agent without the approval of the plaintiff. To hold otherwise would bring us in conflict with the case of *Putnam's Sons* v. *MacLeod, supra.*

The defendant's exceptions are all overruled and the case is remitted to the Superior Court with direction to enter judgment for the plaintiff on the verdict.

*Alfred S. and Arthur P. Johnson,* for plaintiff.

*Frank H. Wildes,* for defendant.